UNITED STATES BANKRUPTCY COURT
Northern District of Alabama, Eastern Division

IN RE: )
)
MICHAEL D. VEST and )
WENDY VEST, ) Case No. 12-42342--JJR13
)
Debtors. )

## OPINION
## (NOT FOR PUBLICATION)

In the Debtors' original Schedule J – Current Expenditures, they deducted expenses for their tobacco use. This deduction reduced dollar-for-dollar the amount the Debtors represented was available to pay their creditors through a chapter 13 plan. In other words, if the Debtors' tobacco expenses were allowed, they would not be required to pay as much to their creditors as non-smoking debtors who otherwise have the same income and expenses.

The Court instructed counsel to submit a brief that might offer support for a chapter 13 debtor taking his tobacco expense as a deduction on Schedule J. Counsel submitted a three-page brief that consisted of quotations from the Centers for Disease Control and Prevention and the American Cancer Society, regarding the percentage of the Alabama population that smokes and the difficulty of quitting smoking. Attached to the brief was a copy of a Memorandum of Decision entered in *In re Woodman*, 287 B.R. 589 (Bankr. D. Me. 2003), *aff'd*, 2003 WL 23709465 (D. Me. 2003), *aff'd*, 379 F.3d 1 (1st Cir. 2004) (pre-BAPCPA). The *Woodman* court concluded that "tobacco expenses are not unreasonable per se." That court compared tobacco expense with those incurred "for alcohol (even one can of beer), lottery tickets (a single one), cosmetics, sugared breakfast cereal, candy bars, or even, say, scented soap . . . . automobiles that seat more than (or fewer than), say four adults, or achieve less than twenty-three-point-five

1

miles-per-gallon . . ." This Court reads *Woodman* as standing for the proposition that when determining what expenses are reasonably necessary for the support and maintenance of a debtor and his dependents, there should be no per se rules on what is or is not acceptable. Regardless, in the Eastern Division of the Northern District of Alabama, expenses for tobacco may never be taken as a deduction on Schedule J. That will be a per se rule in this Court until the Eleventh Circuit or Supreme Court rule otherwise.

This judge has ruled from the bench in numerous cases, when counsel was present, and in published written opinions, that chapter 13 debtors may not pay for unnecessary items like motorcycles, boats, 4-wheelers, multiple TV's, expensive digital games and cameras, and decorative jewelry unless unsecured creditors are paid 100% of their claims plus interest, and plan payments are feasible without extending the plan's term beyond that allowed by the Code, i.e. 3 years for below median debtors. And the Trustee in this Division always files objections to plans that propose to retain such unnecessary items. More to the point, this Court has repeatedly sustained the Trustee's objections to deductions claimed for excessive phone, Internet and cable fees, pest control services, security monitoring, pet expenses, non-mandatory retirement payments, and vehicles for non-debtor family members. It is difficult to imagine that counsel believed tobacco expenses would be approved by the Court or would not draw an objection from the Trustee.

Counsel knew beforehand that claiming an expense for tobacco usage would draw an objection from the Trustee, and that this Court would sustain such an objection. Unless counsel's intent was to "make some law" on this issue, why create busy-work for the Trustee and waste her time and the Court's time, when the claimed expense is known to be unacceptable, based upon this Court's precedent?

2

3

The Court entered an order that sustained the Trustee's objection to the Debtors' proposed budget that sought to deduct their tobacco expenses. That order is now final and no appeal was taken. Thus, no further order will be entered.

Done this 18th day of July 2013.

/s/ James J. Robinson
JAMES J. ROBINSON
U.S. Bankruptcy Judge